UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC SANDLES,

    Plaintiff,                                   Case No. 04-72426

vs.                                                                  HONORABLE PAUL D. BORMAN
                                                                                                  HONORABLE STEVEN D. PEPE

U.S. MARSHAL'S SERVICE, ET AL.,

    Defendants.
_____/

REPORT AND RECOMMENDATION
AND
ORDER DENYING PLAINTIFF'S MOTION TO AMEND

      Plaintiff John Sandles is a prisoner in the custody of the Michigan Department of Corrections. On August 18, 2004, he filed this action under the Federal Tort Claims Act ("FTCA") alleging that he had been assaulted, threatened, and denied medication. Defendant United States Marshal Service ("USMS") filed a Motion to Dismiss on January 18, 2005 (Dkt. no. 13). On February 15, 2005, Plaintiff filed a reply to Defendant's Motion to Dismiss, in which he asks the Court to amend his complaint to change the Defendant from the USMS to the United States. Because Plaintiff has filed his action against an improper party defendant and an action against the proper party defendant is now barred by the statute of limitations, it is recommended that Defendant's Motion to Dismiss be GRANTED.

1

I.  FACTUAL AND PROCEDURAL BACKGROUND

    A.    Facts

After a jury trial before Judge Steeh, Plaintiff, representing himself with standby counsel, was convicted of bank robbery.  (*United States v. Sandles*, E.D. Mich. No. 00-CR-80590).  Prior to his sentencing, Plaintiff alleges illegal acts by the USMS, the United States Marshal for the Eastern District of Michigan and eight unknown USMS deputies.  (Complaint, IV. Statement of Claim, at p. 3).  He is suing for damages of $ 25,000,000.00.

Plaintiff essentially makes two claims against the USMS. (*See* Complaint & various attachments, especially "Claim 1" & "Claim 2").  During his pretrial detention, Plaintiff was primarily held at the Wayne County Jail ("WCJ").  He alleges the USMS housed him in these facilities while aware that the WCJ personnel failed to place him in the psychiatric unit and did not provide him with his psychotropic medication on various dates in late 2001 and 2002.  Plaintiff alleges that without his medication he was not competent to represent himself at trial, in which he was convicted after a jury trial and sentenced on November 27, 2002.  (*See* Complaint, at p.4 and "Certified Ex-Parte Motion for Appointment of Expert Psychiatirist to Examine Defendant and Provide an Opinion as to Defendant's Competency to Represent Himself During Those Periods of Time He Was Denied Psychotropic Medication, etc.").

Plaintiff also claims he was assaulted at WCJ, resulting in medical treatment requiring 29 stitches to his head.  He says he indirectly warned the USMS before the incident through a phone call, on October 8, 2002, from WCJ Social Services to Marcia Beauchemin, Court Clerk to Judge Steeh, that he had been threatened by WCJ personnel, assaulted by WCJ personnel in the past, and asked to be moved. (*See* Complaint, at p. 3 & attachments to Complaint & phone

request form).  Plaintiff alleges the USMS ignored his warning in order to assure assault. (*See* Complaint, at p. 4).

      B.      Procedural Background

On April 14, 2003, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the USMS and other defendants.  *John Eric Sandles v. Agent Calahan, et al.*, Case No. 03-71438.  His complaint against the USMS contained claims and a statement of facts that are verbatim duplicates of the one filed in this case.  Judge Duggan dismissed Plaintiff's case, without prejudice, pursuant to 28 U.S.C. § 1915(c)(2)(B) for failure to state a claim upon which relief may be granted and pursuant to 42 U.S.C. § 1997c(a) for failure to demonstrate exhaustion of federal and state administrative remedies.  Because Plaintiff's § 1983 claim addresses the validity of his conviction, ruling on the claim would necessarily imply the invalidity of his continued confinement and sentence.  Following *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994), a district court must dismiss a complaint to recover damages for conviction or imprisonment, under 42 U.S.C. § 1983, unless a plaintiff shows his sentence or conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Because Plaintiff failed to show that his conviction has been invalidated, his § 1983 claim was dismissed.

II.    ANALYSIS

      A.      Standard of Review

Plaintiff has been granted *in forma pauperis* status.  *See* 28 U.S.C. § 1915(a).  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if

it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(c); 28 U.S.C. § 1915(c)(2)(B).

      1.    *Motions to Amend*

Fed. R. Civ. P. 15(a) provides that a leave to amend "shall be freely given when justice so requires." In the absence of undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies, prejudice to the opposing party, or futility, the leave to amend should be freely granted. *See Foman v. Davis*, 371 U.S. 178 (1962); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). An amendment is futile when the proposed claim would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Blakely v. United States*, 276 F.3d 853, 874-75 (6th Cir. 2002).

      2.    *Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)*

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations as true and construe them in the light most favorable to plaintiff. *See Zinermon v. Burch,* 494 U.S. 113, 117 (1990); *see also Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is also well-established, however, that conclusory, unsupported allegations of constitutional deprivation do not state a claim.

A court may decide a motion to dismiss only on the basis of the pleadings. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). Dismissal is appropriate if the

complaint fails to set forth an allegation of a required element of a claim.  *See Craighead v. E.F. Hutton & Co.*, 899 F.3d 485, 489-90 (6th Cir. 1990).  The court may treat the motion to dismiss as one for summary judgment, however, if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b).

   B. United States Marshal's Service is an Improper Party Defendant

  Plaintiff is not permitted to name the USMS as a defendant in this cause of action.  The United States is the only proper party in an action pursuant to the FTCA. *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985).  Under 28 U.S.C. § 2679(a), "the authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 28 U.S.C. § 1346(b)"; *Mars,* 752 F.2d at 255-56; *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) (dismissal of FBI under FTCA).  Therefore, the USMS should be dismissed as an improper party defendant.

   C. Plaintiff's Request to Amend the Complaint

  In Plaintiff's Reply, he requests the Court amend his complaint to change the defendant from the USMS to the United States.  The Federal Rules of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Yet, futility is a basis for denying leave to amend.  *VanDenBroeck v. Common Point Mortgage Co.*, 210 F.3d 696, 700 (6th Cir. 2000).

  Plaintiff has failed to file a claim against a proper party defendant within the statute of limitations.  Under 28 U.S.C. § 2401(b):

> a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

All of the alleged incidents occurred before Plaintiff was sentenced on November 27, 2002. Plaintiff's request to amend his complaint against the United States, made on February 15, 2005 in his Reply, is outside the two-year period of the statute of limitations. Thus, Plaintiff is unable to bring a cause of action against the United States, and Plaintiff's request to amend the complaint should be denied.

        D.      <u>Action is Barred for Failure to Invalidate the Conviction or Sentence</u>

Finally, even if the statute of limitations did not prevent Plaintiff from filing a tort claim against the United States, he would still be barred by the principle expressed in *Heck v. Humphrey*. Under *Heck*, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 487. While the *Heck* case dealt with a § 1983 claim, the principle has been extended to FTCA claims. *Parris v. United States*, 45 F.3d383, 384-85 (10th Cir.), cert. denied, 514 U.S. 1120 (1995); see *Blakely v. United States*, 276 F.3d 853, 866 (6th Circ. 2002) (citing unpublished case *Bradshaw v. Jayaraman*, 205 F.3d 1339, 1999 WL 1206870 (6th Cir.) (applying *Heck* to FTCA claims). Because Plaintiff's FTCA claim would call into question his conviction and sentence and he has not alleged or challenged the court's decision, Plaintiff's complaint should be dismissed.

III.    RECOMMENDATION

For the reasons stated above, Plaintiff's request to amend is denied and the Defendant's Motion to Dismiss should be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 24, 2005                                       s/Steven D. Pepe
Ann Arbor, MI                                              United States Magistrate Judge

Certificate of Service

I hereby certify that on June 24, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Francis Zebot, and I further certify that I mailed a copy to the following non-ECF participant: John Eric Sandles.

                                       s/William J. Barkholz
                                       Courtroom Deputy Clerk